UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
PATRICIO R. MAMOT, *pro se*,

                Plaintiff,

- against -                                MEMORANDUM & ORDER
                                                                                             08-cv-1451 (DLI)(LB)
THE BOARD OF REGENTS, THE NEW YORK
STATE EDUCATION DEPARTMENT, and the
UNIVERSITY OF THE STATE OF NEW YORK,

                Defendants.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On April 9, 2008, plaintiff, proceeding *pro se*, filed this action alleging that the defendants had deprived him of the opportunity to work as a speech pathologist for the New York State Education Department through the state's professional certification requirements. Plaintiff seeks compensatory damages for the years he was denied professional certification to work in New York State. (Complaint at ¶ IV). On May 15, 2008, plaintiff filed a supplement to the complaint that is captioned as an "Amended Complaint." For reasons set forth below, the court must dismiss the complaint, *sua sponte*, for lack of subject matter jurisdiction.

**Background**

This action is the second time that plaintiff has brought his allegations before this court. Plaintiff worked as a consultant to the New York City Board of Education as a speech pathologist from January 1988 to 1996. In 1996, he was informed that his professional certification as speech pathologist in Indiana was not recognized in this state and, to be compliant with New York's requirements, he would have to pass a licensing examination. Plaintiff challenged this decision in an Article 78 proceeding in state court and in an action in this court against the same parties as those named herein. See Mamot v. The Board of Regents et al., No. 00-cv-5337 (FB)(E.D.N.Y. 2000).

This court granted the defendants' motion to dismiss the complaint on August 3, 2001 and the United States Court of Appeals for the Second Circuit affirmed the decision by mandate dated October 2, 2002.

By letter, dated August 18, 2005, plaintiff sought to reopen his case with defendant New York State Education Department. He argued that he should be certified in New York without having to take the required licensing examination because he was already certified in the state of Indiana, which uses the same licensing examination as New York to certify its speech pathologists. However, he never took the licensing examination for his Indiana certification because he was certified in 1973, before Indiana had enacted its law requiring the examination. In other words, he was "grandfathered" into certification in Indiana. By letter dated September 13, 2005, the New York State Education Department informed plaintiff that in order to be certified in New York, he would have to receive a score of 600 or higher on the PRAXIS ETS licensing examination and satisfy certain other education, experience and character requirements. Plaintiff claims that he has never taken this examination and contends that he does not need to because he should be licensed as a speech pathologist "based on the GRAND FATHER legal principle." (Complaint at IV).

## Discussion

In reviewing plaintiff's complaint, the court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). However, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when

2

there is "diversity of citizenship"and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. Id., see also Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Plaintiff's complaint, even when liberally construed, does not allege a violation of any federal law or the United States Constitution. Thus, this court does not have subject matter jurisdiction to decide his claim

Moreover, it appears that plaintiff seeks to raise the very issues he has previously raised before this court and in New York state court. Even if the court had subject matter jurisdiction, he may not re-litigate claims previously decided by the court because they would be barred by the doctrine of *res judicata*.

**Conclusion**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
        June 12, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge