UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PATRICIO R. MAMOT, *pro se*,

               Plaintiff,

- against -                          MEMORANDUM & ORDER
                                                 08-cv-1451 (DLI)(LB)

THE BOARD OF REGENTS, THE NEW YORK
STATE EDUCATION DEPARTMENT, and the
UNIVERSITY OF THE STATE OF NEW YORK,

               Defendants.
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      The Court recently dismissed this action on June 12, 2008 for lack of subject matter jurisdiction and entered judgment on June 19, 2008. By motion filed on July 3, 2008, plaintiff seeks reconsideration of the Court's order and judgment.

### Standard for Reconsideration

      A motion to reconsider "is to be treated as a Rule 59(e) motion if filed within ten days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." United States v. Clark, 984 F.2d 31, 32 (2d Cir. 1993). A timely-filed motion for reconsideration under Rule 59(e) extends the time of the parties to appeal while the motion is under review. Jones v. UNUM Life Ins. Co. Of Am., 223 F.3d 130, 136-37 (2d Cir. 2000); Fed. R. App. P. 4(a)(4). Here, the motion was filed July 3, 2008, within ten business days of entry of judgment on June 19, 2008 and will be construed as a motion for reconsideration pursuant to Rule 59(e).

      The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Bd., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked "controlling

decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." Id. at 284 (internal quotations omitted); see also, Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F. Supp. 2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257.

## Discussion

Plaintiff's arguments in his motion and reply papers simply repeat his previous claims and do not alter the Court's conclusions stated in its June 12, 2008 Order. As plaintiff has not alleged any facts sufficient to warrant relief from the Court's Orders under Fed. R. Civ. P. 59(e), the motion to reconsider the Court's Order dismissing the complaint is denied.

The plaintiff is concerned by language in the judgment stating that "'in forma pauperis status is denied for purpose of an appeal'" and wonders if it will "prevent or foreclose his ability to seek an appeal." Motion at ¶ 5 (internal citation to Judgment omitted). No, it does not. Certification by a district court that an appeal would not be taken in good faith does not foreclose the litigant's right to request *in forma pauperis* status on appeal. Fed. R. App. 24(a). If the district court denies leave to proceed *in forma pauperis* on appeal, the party pursuing the appeal may seek leave to appeal *in forma pauperis* from the Court of Appeals. Fed. R. App. P. 24(a)(5).

## Conclusion

Accordingly, plaintiff's motion for reconsideration under Fed. R. Civ. P. 59(e) is DENIED.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      August 14, 2008

                                                      /s/
                                            DORA L. IRIZARRY
                                            United States District Judge